Robert G. McCarthy, Esq.
McCARTHY LAW, P.C.
2009 Harrison Avenue
Butte, MT 59701
(406) 494-2500  telephone
(406) 792-8123 facsimile
bob@mccarthylaw.net

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| SHERRY SCHAFNITZ, <br><br> Plaintiff, <br><br> vs. <br><br> SERGEY F. BEREZENKO; SERGEY S. BEREZENKO; BRITE LOGISTICS, INC., and JOHN DOES 1 through 10, <br><br> Defendants. | Cause No. _____ <br><br> **COMPLAINT AND DEMAND FOR JURY TRIAL** |

COMES NOW, THE ABOVE-NAMED Plaintiff, SHERRY SCHAFNITZ, by and through her counsel of record Robert G. McCarthy, and for her cause of action against the Defendants, alleges as follows:

**GENERAL ALLEGATIONS**

1. Plaintiff Sherry Schafnitz (hereinafter "Schafnitz") was at all times mentioned in this Complaint, a resident of Davenport, Iowa.

2. Defendant Sergey F. Berezenko (hereinafter "S.F.B") was, to the best of Plaintiff's knowledge, at all times mentioned in this Complaint, a resident of the City of Pleasant Gap, Pennsylvania and an employee of Defendant Brite Logistics, Inc., as a tractor-trailer semi driver.

3. Defendant Sergey S. Berezenko (hereinafter "S.S.B") was, to the best of Plaintiff's knowledge, at all times mentioned in this Complaint, a resident of the City of Pleasant Gap, Pennsylvania and an employee of Defendant Brite Logistics, Inc., as a tractor-trailer semi driver.

4. Defendant Brite Logistics, Inc., (hereinafter "Brite") was at all times mentioned in this Complaint, an Interstate carrier company based in Chicago, Illinois, and the owner of the tractor-trailer semi driven by its employees.

5. Defendants John Does 1 through 10 are individuals, named herein who may be identified later by Plaintiff or other Defendants, who may be legally responsible to Plaintiff for the injuries sustained in the accident which is the subject of this litigation.

6. This Court has jurisdiction over this matter pursuant to 28 USC § 1332 given diversity and an amount in controversy that exceeds $75,000.

7. This lawsuit results from a collision that occurred on Interstate 90 near mile marker 30, eastbound, in Mineral County on December 3, 2015 at approximately 9:45 p.m.

8. On December 3, 2015, Defendant Brite employed both Defendants Sergey F. Berezenko and Sergey S. Berezenko.

9. On December 3, 2015, at approximately 9:45 p.m., Brite's employees Sergey F. Berezenko and Sergey S. Berezenko were acting in the normal course and scope of their employment.

10. Plaintiff Schafnitz was a passenger in a semi/tractor-trailer traveling eastbound in a left sloping curve on Interstate 90. The road conditions were extremely icy and most traffic had come to a stop, including the driver of the semi/tractor-trailer in

which Schafnitz was a passenger. Due to road conditions vehicles were stopped on both sides of the Interstate. Defendants S.F.B. and S.S.B. were also traveling eastbound at a rate of speed too fast for the road conditions weaving in and out of stopped traffic and Defendants were unable to bring their vehicle to a stop, sliding to the left lane and left shoulder of the Interstate, slamming first into the semi-tractor parked behind the semi-tractor/trailer in which Schafnitz was a passenger, and then slamming into the trailer of the semi in which Schafnitz was a passenger and pushing the trailer and tractor approximately 15 feet from where it was stopped.

11. The driver of the semi-tractor/trailer in which Schafnitz was riding as a passenger was operating his vehicle in a safe and prudent manner and was struck by the tractor-trailer semi driven by Defendants solely as a result of the negligent actions of Defendants S.F.B. and S.S.B.

12. As a result of the impact, Schafnitz suffered physical pain and injuries, mental anguish in the past and in the future, lost earnings, damage to earning capacity, physical impairment in the past and future, medical expenses in the past and future, and loss of household services in the past and future.

## COUNT I.  NEGLIGENCE OF DRIVER

13. Plaintiff reincorporates allegations 1-13 herein as if set forth in their entirety.

14. At the time of the accident, Defendants S.F.B. and S.S.B. had a duty to exercise ordinary care and operate their tractor-trailer semi reasonably and prudently.

15. Defendants breached their duties in that they failed to exercise reasonable caution given the condition of the roadway and failed to take appropriate actions to reduce speed, stop, or otherwise avoid direct impact with other motorists.

16. As a proximate result of Defendants' negligence, Schafnitz suffered physical pain and injuries, mental anguish in the past and in the future, lost earnings, damage to earning capacity, physical impairment in the past and future, medical expenses in the past and future, and loss of household services in the past and future.

## COUNT II.  NEGLIGENCE PER SE

17. Plaintiff reincorporates allegations 1-7 herein as if set forth in their entirety.

18. At the time of the accident, Defendants had a duty to exercise extreme caution in the operation of their tractor-trailer semi during hazardous conditions adversely affecting traction caused by ice and snow in violation of 49 CFR §392.14.

19. Violation of 49 CFR §392.14 constitutes negligence per se.

20. As a proximate result of the Defendants S.F.B. and S.S.B's negligence per se and violation of 49 CFR §392.14, the Plaintiff suffered, and will continue to suffer in the future, physical pain and injuries, mental anguish, physical impairment, medical expenses, loss of household services, and other damages which the Plaintiff is entitled to recover from Defendants S.F.B. and S.S.B.

## COUNT III.  RESPONDEAT SUPERIOR

21. Plaintiff reincorporates allegations 1-21 herein as if set forth in their entirety.

22. The Plaintiff sustained personal injury and damages due to the negligence of the employees of Defendant Brite.

23. Defendants S.F.B. and S.S.B. were acting in the course and scope of their employment when operating Brite's tractor-trailer semi on December 3, 2015.

24. As a proximate result of the negligence of Brite's employees, Plaintiff suffered physical pain and injuries, mental anguish in the past and in the future, lost earnings, damage to earning capacity, physical impairment in the past and future, medical expenses in the past and future, and loss of household services in the past and future.

### COUNT IV.  NEGLIGENT HIRING, SELECTION, DIRECTION AND SUPERVISION OF DEFENDANT BRITE LOGISTICS, INC.

25. Plaintiff reincorporates allegations 1-25 herein as if set forth in their entirety.

26. Defendant Brite owed a duty to the general public, including, but not limited to Plaintiff Schafnitz, to exercise reasonable care in selecting the entities and individuals who would be used to transport loads for Brite on public roadways from its base of operations to all locations Nationwide.  Particularly, Brite owed a duty to use reasonable care in hiring skilled and competent contractors/drivers.

27. At all relevant times, Defendants S.F.B. and S.S.B. were not skilled and competent contractors/drivers in the use of commercial motor vehicles, including the subject tractor-trailer semi, in transporting cargo and/or loads on Interstate 90 near Superior, Montana.  Defendants S.F.B. and S.S.B. were not skilled and competent contractors/drivers in that:

   a. They had no knowledge of the regulations and other laws applicable to the operation of commercial motor vehicles on Interstate 90 near Superior, Montana as related to extreme road conditions;

   b. They failed to adhere to the regulations and other laws applicable to the operation of commercial motor vehicles on Interstate 90 near Superior, Montana as related to extreme road conditions; and

    c. They lacked the requisite degree of knowledge, training, and experience to operate the tractor-trailer semi in a safe and non-negligent manner on public roadways.

28. Defendant Brite knew or should have known, in the exercise of reasonable care, that Defendants S.F.B. and S.S.B. were not skilled and competent contractors/drivers. Particularly, Brite had the opportunity, necessary resources (including publicly available sources) and employees with knowledge sufficient to investigate the skill and competence of Defendants S.F.B. and S.S.B. yet chose not to undertake any such investigation.

29. Defendant Brite is liable for the negligent actions of Defendants S.F.B. and S.S.B. because S.F.B. and S.S.B. were not skilled and competent contractors/drivers in the use of commercial vehicles transporting cargo/loads on Interstate 90 near Superior, Montana.

30. Defendant Brite is liable for the negligent actions of S.F.B. and S.S.B. because Brite did not exercise reasonable care in selecting and hiring Defendants S.F.B. and S.S.B. to transport cargo/loads on public roadways, including Interstate 90 near Superior, Montana.

31. Brite Logistics is further liable for the actions of Defendants S.F.B. and S.S.B. in that at the time of the subject collision, Defendants S.F.B. and S.S.B. were engaged in an activity which Brite Logistics knew, or should have known, in the exercise of reasonable care, constituted an inherent danger and risk of harm to others unless extreme caution was taken. In particular, Brite Logistics knew, or should have known, that extreme weather and roadway conditions could exist on

Interstate 90 between St. Regis and Superior, Montana, presented an inherent danger and risk of harm to the motoring public, including Plaintiff Schafnitz.

32. Brite Logistics is liable for the actions of Defendants S.F.B. and S.S.B. and was aware Defendants S.F.B. and S.S.B. were inexperienced and not properly trained to drive during extreme weather and roadway conditions on public roadways.

33. Brite Logistics was negligent in failing to advise Defendants S.F.B. and S.S.B. of the inherent danger and risk of harm to the motoring public, including Plaintiff Schafnitz, created by the extreme weather and roadway conditions on Interstate 90 near Superior, Montana on or about December 3, 2015.

34. Brite Logistics was further negligent in failing to advise Defendants S.F.B. and S.S.B. of the extreme caution which should be taken to limit the inherent danger and risk of harm to the motoring public, including Plaintiff Schafnitz, created by the extreme weather and roadway conditions on Interstate 90 near Superior, Montana on or about December 3, 2015.

35. Brite Logistics was further negligent in failing to ensure that Defendants S.F.B. and S.S.B. had knowledge of and adhered to the regulations and other laws applicable to the operation of commercial motor vehicles on Montana roadways, as well as Brite's own safety/training materials and standard operating procedures.

36. Brite's negligent hiring, selection, direction, training, and supervision of Defendants S.F.B. and S.S.B. directly and proximately caused and contributed to cause Plaintiff Schafnitz to sustain severe and permanent injuries, mental anguish in the past and future, lost earnings, damage to earning capacity, physical

impairment in the past and future, medical expenses in the past and future, and loss of household services in the past and future.

## COUNT V.  BRITE'S VOLUNTARY/GRATUITOUS UNDERTAKING

37. Plaintiff reincorporates allegations 1-37 herein as if set forth in their entirety.

38. In the alternative, and to the extent it is determined that no duty was imposed by law on Brite Logistics with respect to Plaintiff Schafnitz, Plaintiff alleges that through its negotiation, contracting and interaction with Defendants S.F.B. and S.S.B. Defendant Brite undertook, gratuitously or for consideration, certain legal duties, including matters which it recognized or should have recognized, exercising reasonable care, were necessary for the protection of the motoring public, including Plaintiff Schafnitz.  Particularly, Brite voluntarily undertook to direct, monitor, supervise, and train Defendants S.F.B. and S.S.B to:

   a. Complete certain documentation generated and required by Brite to monitor the work performed by Defendants S.F.B. and S.S.B.;

   b. Comply with the requirements of all federal and state laws applicable to all drivers of commercial motor vehicle drivers;

   c. Identify and register all employees who would be performing work on behalf of Defendant Brite;

   d. Follow the directions and orders of Defendant Brite; and

   e. Perform all work in accordance with Brite's Standard Operating Procedure, training guides and rules.

39. Brite failed to exercise reasonable care and was negligent in performing the duties it voluntarily assumed, including the direction, monitoring, supervision and training of Defendants S.F.B. and S.S.B.

40. Brite's negligence and failure to exercise reasonable care in the duties it voluntarily assumed directly and proximately caused and contributed to cause Plaintiff to sustain severe and permanent injuries. Particularly, Brite's negligence and failure to exercise reasonable care in the duties it voluntarily assumed increased the risk of harm to Plaintiff and the motoring public.

41. Brite is further liable to Plaintiff by and through its negotiation, contracting and interaction with Defendants S.F.B. and S.S.B. undertook to perform and control the direction, monitoring, supervision and training of S.F.B. and S.S.B.

42. As a direct and proximate result of the negligent acts and/or omissions of Brite, Plaintiff suffered severe and permanent injuries, mental anguish in the past and future, lost earnings, damage to earning capacity, physical impairment in the past and future, medical expenses in the past and future, and loss of household services in the past and future.

### COUNT VI-PUNITIVE DAMAGES VS. BRITE LOGISTICS, INC.

43. Plaintiff reincorporates allegations 1-43 herein as if set forth in their entirety.

44. Brite Logistics, Inc. acted with actual malice by deliberately proceeding to act in conscious or intentional disregard of the high probability of injury to Sherry Schafnitz and deliberately proceeding to act with indifference to the high probability of injury to Sherry Schafnitz.

45. Brite Logistics, Inc. made representations with knowledge of their falsity and concealed material facts with the purpose of causing injury to Schafnitz.

46. Pursuant to M.C.A. §27-1-220(4) Plaintiff is entitled to punitive damages against Brite Logistics, Inc. in the amount of $10 million or 3% of Brite Logistics, Inc.'s net worth, whichever is less.

## COUNT VII-PUNITIVE DAMAGES AGAINST DRIVER

47. Plaintiff reincorporates allegations 1-47 herein as if set forth in their entirety.

48. S.F.B.'s and/or S.S.B.'s actions demonstrate a conscious disregard for the rights and safety of Sherry Schafnitz and the rest of the public.

49. S.F.B. and S.S.B. acted with actual malice by deliberately proceeding to act in conscious or intentional disregard of the high probability of injury to Sherry Schafnitz and deliberately proceeding to act with indifference to the high probability of injury to Sherry Schafnitz.

50. S.F.B. and S.S.B. made representations with knowledge of their falsity and concealed material facts with the purpose of causing injury to Sherry Schafnitz.

51. Plaintiff demands punitive damages against S.F.B. and S.S.B.

WHEREFORE and for these reasons, Plaintiff respectfully requests that this Court enter judgment jointly and severally against all Defendants as follows:

1. Actual damages;
2. Punitive damages;
3. Prejudgment and post judgment interest as allowed by law;
4. Costs of suit; and
5. Any all other such relief as the Court deems just and proper.

DATED this 13th day of August, 2018.

McCARTHY LAW, P.C.

By   /s/Robert G. McCarthy
     ROBERT G. McCARTHY
     Attorney for Plaintiff